United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-21286
Summary Calendar
_____

JIMMY COATS,

Plaintiff - Appellant,

versus

THE GOODYEAR TIRE & RUBBER COMPANY,
also known as Goodyear Chemical,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(USDC No.:  H-01-CV-1322)
_____

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Appellant Jimmy Coats ("Coats") filed an action against The
Goodyear Tire and Rubber Company ("Goodyear"), alleging that he was
discharged from his employment with Goodyear in violation of the
Americans with Disabilities Act ("ADA").  The parties consented to
proceed before a magistrate judge, who granted summary judgment for
Goodyear.  In a comprehensive opinion, the magistrate judge
concluded that Coats failed to produce evidence sufficient to raise
a genuine issue of material fact as to whether he has an impairment

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that substantially limits one or more of his major life activities and thus is disabled within the meaning of the ADA.

On appeal, Coats argues that he has established a genuine fact issue that he is impaired in the major life activities of working, sitting, standing, and lifting. He thus contends that the district court erred by concluding that he failed to establish a prima facie case.[**]

Coats began working for Goodyear in 1986. He injured his back on the job in November 1997 and was placed on disability leave for two months. His personal physician released him to return to work in February 1998, with no physical restrictions. In January 1999, Coats's personal physician found that he was suffering from back strain and restricted him to minimal bending and lifting no more than twenty pounds for four weeks. Coats had surgery in November 1999 to relieve his back pain. His personal physician released him to return to work without restrictions on January 3, 2000. Goodyear medical personnel conducted a functional capacity evaluation of Coats later that month, and concluded that he could return to work with the following restrictions: no overhead lifting; no frequent lifting of more than seventy-five pounds; no bicycle riding longer than ten minutes; no walking of more than a mile at a time; carrying limited to occasional lifting of fifty

_____

[**]In his statement of the issues, Coats includes the issue whether Goodyear regarded Coats as having a disability. He abandoned that issue, however, by failing to brief it. See, e.g., Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

2

pounds; and frequent changes of posture while sitting or standing. In March 2000, following the functional capacity evaluation, Coats's personal physician released him to return to work, with certain restrictions. Coats's physician referred to the functional capacity evaluation for the restrictions on lifting, and designated the following additional restrictions: pushing, pulling, and carrying limited to forty to sixty pounds; sitting and standing limited to four to six hours; and the total work day limited to eight hours.

Coats returned to his job as a fireman at Goodyear, which allowed him to work an eight-hour shift. He lost that position under a new labor agreement adopted in December 2000, because he had the least seniority among the firemen. Coats was placed on medical layoff on December 21, 2000, because there were no jobs available to him, with his restrictions, under the terms of the labor agreement. He remained eligible for reinstatement for twenty-four months, provided he could bump a less senior employee from a bargaining unit position which he could perform with his restrictions. Coats began work as a supervisor at BP Security & Investigations in March 2001.

Based upon our consideration of the briefs and the pertinent authorities, as well as our de novo review of the summary judgment evidence, we conclude that the magistrate judge correctly held that Coats has failed to establish a genuine issue of material fact as

3

to whether he is disabled within the meaning of the ADA. He has not shown that his physical restrictions and his inability to work more than eight hours per day substantially limit a major life activity. See Toyota Motor Mfg., Inc. v. Williams, 534 U.S. 184, 197 (2002) ("to be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives"); Sutton v. United Air Lines, Inc., 527 U.S. 471, 491 (1999) (even assuming that working is a major life activity, plaintiff must show inability to work in a "broad range of jobs"). Restated, Coats has not presented evidence sufficient to create a genuine issue of material fact as to whether his restrictions prevent or severely restrict him from engaging in activities that are of central importance to most people's daily lives or that prevent him from working in a broad range of jobs. Instead, the undisputed evidence is that he was able to work at Goodyear as a fireman, with his restrictions, until he lost that position under the terms of the new labor agreement, and that he thereafter began working for a new employer. Accordingly, the summary judgment is

A F F I R M E D.

4